## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DAVID IVEY, M.D.,** | |
| Plaintiff, | |
| v. | |
| **AUDRAIN COUNTY** | |
| SERVE: | |
| Audrain County | Cause No.:  4:17-cv-2775 |
| c/o Shelley Harvey, County Clerk | |
| Audrain County Courthouse | |
| 101 N. Jefferson St., Room 101 | **DELIBERATE INDIFFERENCE** |
| Mexico, Missouri 65265 | **WRONGFUL DEATH** |
| | **AND MEDICAL NEGLIGENCE** |
| **and** | |
| **STEPHANIE HILDEBRAND, individually** | **JURY TRIAL DEMANDED** |
| **and in her official capacity as a nurse for the** | |
| **Audrain County Jail** | |
| SERVE: | |
| Stephanie Hildebrand | |
| Audrain County Jail | |
| 1100 Littleby Rd | |
| Mexico, MO 65265 | |
| **and** | |
| **JOHN DOE, individually and in his official** | |
| **capacity as a guard for the Audrain County** | |
| **Jail** | |
| Defendants. | |

## COMPLAINT

David Ivey, M.D. states the following for his Complaint against Audrain County, Missouri,

Stephanie Hildebrand and John Doe:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff David Ivey ("Plaintiff") is a citizen and resident of the State of Missouri.

2.      Mark Ivey ("Mark") was the natural son of Plaintiff.

3.      Mark died in the custody of Defendant Audrain County, Missouri ("Audrain County") on July 22, 2016.

4.      Plaintiff brings this action pursuant to Mo. Rev. Stat. § 537.080, commonly referred to as the "Missouri Wrongful Death Statute," on behalf of himself and all persons entitled to recover under said statute.  Plaintiff is a proper party to bring this action for the wrongful death of Mark.

5.      Audrain County is a political subdivision of the State of Missouri and is the legal entity responsible for itself and for the Audrain County Jail.

6.      Audrain County is the employer of Defendants Stephanie Hildebrand ("Hildebrand") and Defendant John Doe ("John Doe").

7.      Hildebrand is a nurse employed at the Audrain County Jail. Upon information and belief, Hildebrand is a resident and citizen of Missouri, was at all times relevant acting under color of state law in her capacity as a nurse, and was acting in the course and scope of her employment by Audrain County.

8.      John Doe is a guard at the Audrain County Jail. Upon information and belief, John Doe is a resident and citizen of Missouri, was at all times relevant acting under color of state law in his capacity as a guard, and was acting in the course and scope of his employment by Audrain County.

9.      This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§

1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Audrain County, Missouri, within this Court's geographic judicial district.

## FACTUAL ALLEGATIONS

11.     Mark was arrested on July 20, 2016 in Audrain County.

12.     At the time of his arrest, Mark experienced shortness of breath and was transported to the Emergency Department at SSM Health St. Mary's–Audrain ("SSM").

13.     After treatment, Mark was discharged and transported to the Audrain County Jail.

14.     SSM made each Defendant aware of Mark's objectively serious and particular medical needs in relation to his asthma and withdrawal symptoms at the time of his discharge from the Emergency Department.

15.     During his confinement at the Audrain County Jail, Mark suffered withdrawal symptoms and was seen by Hildebrand on July 21, 2016.

16.     Hildebrand personally observed and became further aware of Mark's particular medical needs when she saw him on July 21, 2016.

17.     Hildebrand knowingly failed to provide Mark the continuing medical treatment and monitoring that she was aware he required.

18.     Hildebrand knowingly failed to ensure others provided Mark the continuing medical treatment and monitoring that she was aware he required.

19.     John Doe was in charge of monitoring the inmates, including Mark, overnight on the night of July 21, 2016.

20.     John Doe personally observed and became further aware of Mark's particular medical needs when he began monitoring Mark on the night of July 21, 2016.

21.     John Doe knowingly failed to provide Mark the continuing monitoring that he was aware Mark required.

22.     John Doe knowingly failed to ensure others provided Mark the continuing medical treatment and monitoring that he was aware Mark required.

23.     During the early morning hours of July 22, 2016, Mark's symptoms caused him to stop breathing and fall into cardiac arrest.

24.     Mark exhibited an objectively serious medical need in that he was non-responsive and was not breathing.

25.     By the time medical personnel were called, Mark was unresponsive, pulseless, and had cold bluish skin.

26.     Mark was taken back to the Emergency Department at SSM, where he was pronounced dead.

27.     Mark was 30 years old at the time of his death.

## COUNT I

**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment**
**(Defendant Audrain County)**

28.     Plaintiff incorporates the above allegations as though fully set forth herein.

29.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

4

30.     Mark was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

31.     Audrain County is a person under 42 U.S.C. § 1983.

32.     Audrain County and its employees, agents, and representatives were, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

33.     At the time of the incident that is the subject of Plaintiff's Complaint, Mark had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

34.     Audrain County and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

35.     The acts or omissions of Audrain County and its employees, agents, and representatives, as described herein, deprived Mark of his constitutional and statutory rights, resulting in his death and causing Plaintiff damages.

36.     Audrain County and its employees, agents, and representatives intentionally, knowingly and purposely deprived Mark of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

37.     Audrain County and its employees, agents, and representatives are policymakers for the Audrain County Jail, and in that capacity, established policies, procedures, customs, and/or practices for the same.

38.     Audrain County and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Mark's constitutional rights as set forth herein.

39.     Audrain County and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees, agents and representatives in a manner amounting to deliberate indifference to the constitutional rights of Mark and the public. The inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

40.     The deliberately indifferent training and supervision provided by Audrain County and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in Mark's constitutional and statutory violation injuries.

41.     As a direct and proximate result of Audrain County's interference with Mark's federal constitutional and statutory rights, Plaintiff has suffered damages and losses.

42.     Audrain County, by and through its agents and employees, actually knew of Mark's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.  Audrain County knowingly failed to properly monitor Mark;

    b.  Audrain County knowingly failed to properly treat Mark's medical condition;

6

c.  Audrain County knowingly failed to allow Mark access to appropriate medical services and care for his medical needs;

d.  Audrain County knowingly failed to respond to Mark in a timely manner; and,

e.  Such other acts of deliberate indifference that the evidence will show.

43.  Audrain County policy-making officials have shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of that misconduct.

44.  Mark's death was caused by Audrain County's unconstitutional customs which delayed the required emergency treatment to save his life.

45.  As a result of the unconstitutional policies and customs of Audrain County, emergency treatment of Mark was delayed, causing his death.

46.  The denial or delay of health care treatment for Mark was attributable to something more than simple negligence upon the part of Audrain County officials.

47.  Audrain County's conduct showed a complete indifference to or a conscious disregard for the safety of Mark and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

48.  Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988

WHEREFORE Plaintiff prays for judgment against Audrain County in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT II

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Hildebrand in her individual and official capacities)**

49.     Plaintiff incorporates the above allegations as though fully set forth herein.

50.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

51.     Mark was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

52.     Hildebrand is a person under 42 U.S.C. § 1983.

53.     Hildebrand was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

54.     At the time of the incident that is the subject of Plaintiff's Complaint, Mark had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

55.     Hildebrand knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

56.     The acts or omissions of Hildebrand, as described herein, deprived Mark of his constitutional and statutory rights, resulting in his death and causing Plaintiff damages.

57.     Hildebrand intentionally, knowingly and purposely deprived Mark of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

8

58.     Hildebrand's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mark's federally protected rights. The indifference displayed by Hildebrand shocks the conscience and so violated Mark's Fourteenth Amendment rights.

59.     As a direct and proximate result of Hildebrand's interference with Mark's federal constitutional and statutory rights, Plaintiff has suffered damages and losses.

60.     Hildebrand actually knew of Mark's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.   Hildebrand knowingly failed to properly monitor Mark;

    b.   Hildebrand knowingly failed to properly treat Mark's medical condition;

    c.   Hildebrand knowingly failed to allow Mark access to appropriate medical services and care for his medical needs;

    d.   Hildebrand knowingly failed to respond to Mark in a timely manner; and,

    e.   Such other acts of deliberate indifference that the evidence will show.

61.     The denial or delay of health care treatment for Mark was attributable to something more than simple negligence upon the part of Hildebrand.

62.     Hildebrand's conduct showed a complete indifference to or a conscious disregard for the safety of Mark and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

63.     Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiff prays for judgment against Hildebrand in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has

suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages,

and for any further relief this Court deems just and proper.

## COUNT III

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant John Doe in his individual and official capacities)**

64. Plaintiff incorporates the above allegations as though fully set forth herein.

65. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

66. Mark was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

67. John Doe is a person under 42 U.S.C. § 1983.

68. John Doe was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

69. At the time of the incident that is the subject of Plaintiff's Complaint, Mark had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

70. John Doe knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

71. The acts or omissions of John Doe, as described herein, deprived Mark of his constitutional and statutory rights, resulting in his death and causing Plaintiff damages.

72.     John Doe intentionally, knowingly and purposely deprived Mark of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

73.     John Doe's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mark's federally protected rights. The indifference displayed by John Doe shocks the conscience and so violated Mark's Fourteenth Amendment rights.

74.     As a direct and proximate result of John Doe's interference with Mark's federal constitutional and statutory rights, Plaintiff has suffered damages and losses.

75.     John Doe actually knew of Mark's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    a.  John Doe knowingly failed to properly monitor Mark;

    b.  John Doe knowingly failed to call medical personnel to treat Mark's medical condition in a timely manner;

    c.  John Doe knowingly failed to allow Mark access to appropriate medical services and care for his medical needs;

    d.  John Doe knowingly failed to respond to Mark in a timely manner; and,

    e.  Such other acts of deliberate indifference that the evidence will show.

76.     The denial or delay of health care treatment for Mark was attributable to something more than simple negligence upon the part of John Doe.

77.     John Doe's conduct showed a complete indifference to or a conscious disregard for the safety of Mark and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

78.     Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiff prays for judgment against John Doe in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

**COUNT IV**

**Medical Negligence**
**(Defendant Hildebrand)**

79.     Plaintiff incorporates the above allegations as if fully set forth herein.

80.     During Mark's care and treatment by Hildebrand, Hildebrand owed a duty to Mark, individually and/or by and through her employees, agents, servants and/or representatives as aforesaid, to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the nursing profession in providing medical services.

81.     Hildebrand breached her duty owed to Mark in one or more of the following respects:

    i.   Failed to appropriately diagnose Mark's condition;

    ii.  Failed to appropriately manage and anticipate complications;

    iii. Failed to order appropriate tests;

    iv.  Failed to appropriately treat Mark;

    v.   Failed to timely alert medical doctors of Mark's condition;

    vi.  Failed to provide the required medication to treat Mark's condition;

    vii. Failed to monitor Mark; and

    viii. Such further negligence as will be revealed through discovery and the evidence.

82.      As a direct and proximate result of the negligence and carelessness of Hildebrand as described above, Mark died. Before Mark's death, he suffered severe discomfort, pain and mental anguish.

83.      As a result of his injuries and death, Mark lost wages and his father has lost the benefit of future wages.

84.      The conduct of Hildebrand as described above demonstrates willful, wanton and/or malicious conduct, and shows complete indifference to or conscious disregard for the safety of Mark and others, justifying an award of aggravating circumstances damages in such sum which will serve to punish Hildebrand and to deter Hildebrand and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Hildebrand in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that is fair, just and reasonable under the circumstances, for aggravating circumstances damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

Respectfully Submitted,

**THE SIMON LAW FIRM, PC**

By:      */s/ Kevin M. Carnie, Jr.*
         John G. Simon, #35231MO
         Kevin M. Carnie Jr., #60979MO
         Patrick R. McPhail, #70242MO
         800 Market Street, Suite 1700
         St. Louis, Missouri  63101
         (314) 241-2929
         (314) 241-2029 / Facsimile
         jsimon@simonlawpc.com
         kcarnie@simonlawpc.com
         pmcphail@simonlawpc.com
         ***Attorneys for Plaintiff***